UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREEMAH K. MACK,

                                                                                                                                <u>DECISION AND ORDER</u>

                                        Plaintiff,

                                                                                                                      19-CV-0302L

                          v.

ANDREW SAUL,
Commissioner of Social Security,

                                        Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On or about July 2, 2015 and July 28, 2015, plaintiff, then fifty-four years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning June 2, 2014. (Administrative Transcript, Dkt. #9 at 22). Her applications were initially denied. Plaintiff requested a hearing, which was held February 1, 2018 via videoconference before Administrative Law Judge ("ALJ") John Loughlin. The ALJ issued an unfavorable decision on March 19, 2018. (Dkt. #9 at 22-36). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 8, 2019. (Dkt. #9 at 1-4). Plaintiff now appeals.

      The plaintiff has moved for remand of the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ initially concluded that plaintiff's earnings during some months after the alleged disability onset date were sufficient to constitute substantial gainful employment. As such, the ALJ's review was limited to whether plaintiff was disabled during the periods from January 2015 through June 2016, and/or in and after April 2017. (Dkt. #9 at 25).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, which included treatment for left Achilles tendonitis with reconstruction surgery, lumbar degenerative disc disease, left hand first metacarpal arthritis, right shoulder/biceps tear, and right knee degenerative joint disease, which the ALJ determined to be severe impairments not equaling a listed impairment. (Dkt. #9 at 25).

Upon review of the record, the ALJ found that during the periods under review, plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work, with no limitations. (Dkt. #9 at 28). At the hearing, vocational expert Deborah Bunn-Durham testified that this RFC would permit plaintiff to return to her past relevant work as a bus driver. (Dkt. #9 at 35).

Plaintiff primarily argues that the ALJ's decision was not based on substantial evidence, in that the ALJ's RFC finding substantially relied on the "stale" opinion of consulting osteopathic physician Dr. John Schwab. Dr. Schwab examined plaintiff on September 16, 2015, and found that plaintiff had a limited range of motion in her lumbar spine with positive straight leg raising tests (suggestive of herniated lumbar discs), but otherwise found her strength, gait, etc. to be normal. Dr. Schwab opined a "moderate" restriction with respect to walking and climbing, and a "mild" restriction with respect to bending, lifting and carrying heavy objects. (Dkt. #9 at 420-23). The ALJ afforded "great" weight to Dr. Schwab's opinion and incorporated it into his RFC finding. (Dkt. #9 at 33).

Although "[a] stale medical opinion does not constitute substantial evidence to support an ALJ's findings," a "gap of time between when an opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion." *Majdandzic v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 180068 at *7 (W.D.N.Y.). In order for a medical opinion to be stale, there must be a significant period of time between the date of the opinion and the hearing date, in addition to subsequent evidence "indicat[ing] a claimant's condition has deteriorated" over that period. *Vazquez v. Saul*, 2019 U.S. Dist. LEXIS 139858 at *7-*8 (W.D.N.Y. 2019) (quoting *Whitehurst v. Berryhill*, 2018 U.S. Dist. LEXIS 137417 at *12 (W.D.N.Y. 2018)). *See also Davis v. Berryhill*, 2018 U.S. Dist. LEXIS 39605 at *7 (W.D.N.Y. 2018).

Again, the Court notes that there were two distinct periods for which the ALJ made disability determinations: January 2015 through June 2016, and April 2017 and after. I find that Dr. Schwab's September 16, 2015 opinion was manifestly not stale with respect to the initial period

3

under review (January 2015 through June 2016), since his examination of plaintiff took place in the midst of that period.[1]

However, I reach a different conclusion with respect to the latter period, April 2017 and after. Dr. Schwab's opinion was rendered over two years prior to plaintiff's February 1, 2018 hearing. Furthermore, the record establishes that on April 18, 2017, plaintiff was injured in a workplace accident when a bus in which plaintiff was riding abruptly braked, throwing plaintiff forward and causing injuries when she attempted to break her fall. Post-accident imaging studies showed torn tendons in plaintiff's shoulder and right arm, as well as arthritic and/or degenerative changes in her right knee, right elbow, wrist, and left hand. (Dkt. #9 at 455-59, 487, 489, 541-45, 547-48, 549, 638-45). Treatment notes after the accident reflected diminished strength and range of motion in plaintiff's right shoulder, right knee, left wrist and hands. (Dkt. #9 at 551-74). In light of these records – and furthermore, given the ALJ's finding that plaintiff's severe impairments included impairments only diagnosed after the April 2017 accident, such as metacarpal arthritis and right shoulder/bicep tear – the ALJ's conclusory finding that "there has been no discernable

---

[1] Plaintiff also argues that Dr. Schwab's opinion was not sufficiently supported because Dr. Schwab lacked necessary background information: specifically, he allegedly had not viewed certain MRI studies of plaintiff's back and neck. *See generally Murphy v. Saul*, 2019 U.S. Dist. LEXIS 168995 at *7 (E.D.N.Y. 2019) (a consultative examiner's opinion may not constitute substantial evidence where the examiner was lacking necessary background information, such as treatment records or diagnostic studies).

I do not find that Dr. Schwab was lacking sufficient background information with respect to plaintiff's ongoing degenerative spinal issues. In his report, Dr. Schwab specifically mentioned review of an x-ray of plaintiff's lumbar spine which showed "degenerative changes." He also stated that plaintiff had "injured her low back in 2010," and that she reported constant back pain exacerbated by bending. Dr. Schwab's examination included an objective assessment of plaintiff's spinal flexion, extension, and rotation, as well as straight leg raising tests and assessment of plaintiff's gait. (Dkt. #9 at 420-22). His report included "claimant's primary complaints, a description of the history of those complaints, examination findings, laboratory or other test results, a diagnosis and prognosis, and a statement about what the claimant can do despite her impairments." *Wilson v. Commissioner*, 2018 U.S. Dist. LEXIS 173476 at *9 (W.D.N.Y. 2018). As such, the opinion complied with the requirements for a consulting physician's opinion, and was able to constitute substantial evidence in support of the ALJ's RFC finding for the initial period under review. *See id.* (regulation mandating that SSA provide a consulting physician with "background information" does not "amount to a requirement that every consulting physician be provided with all of a claimant's medical records and history (much less a requirement that the physician report that []he viewed every, or any, document in the record") (citations omitted).

4

difference in the objective medical evidence before and after the claimant's April 18, 2017 accident" was not supported by the record. (Dkt. #9 at 34).

The plaintiff's April 2017 accident, combined with the lengthy time period between Dr. Schwab's opinion and plaintiff's hearing, manifestly rendered Dr. Schwab's opinion stale with respect to the post-accident period. As such, Dr. Schwab's opinion was not capable of comprising substantial evidence to support the ALJ's RFC finding with respect to the latter period under review (April 2017 and after), and the ALJ's reliance upon it was erroneous.

Nor is the ALJ's error harmless. Plaintiff was born on August 25, 1960, and was fifty-eight years old at the time of her hearing. Because a person of plaintiff's age, educational level and past relevant work would be found "not disabled" under the Medical-Vocational Guidelines if her RFC was limited to light or sedentary work, any redetermination of plaintiff's RFC that results in greater exertional limitations than the full range of "medium" work found by the ALJ in the decision-appealed-from could well result in a finding of disability.

Because the ALJ erred by relying on a stale medical opinion concerning plaintiff's RFC for the period in and after April 2017, the ALJ's decision was not based on substantial evidence. This matter is accordingly remanded so that the ALJ can reassess plaintiff's limitations, recontact and obtain medical opinions or clarification from plaintiff's treating providers, and/or order consulting medical opinions, sufficient to make an RFC finding and disability determination for the period in and after April 2017 that accounts for all of the plaintiff's severe impairments and is supported by substantial evidence.

5

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #11) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is denied. The ALJ's decision is reversed to the extent that the ALJ determined that plaintiff was not disabled in or after April 2017, and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 28, 2020.